UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-21530-GAYLES/OTAZO-REYES

MSP RECOVERY CLAIMS, SERIES LLC,
and MSPA CLAIMS 1, LLC,

    Plaintiffs,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, GARRISON
PROPERTY AND CASUALTY INSURANCE
COMPANY, USAA COUNTY MUTUAL
INSURANCE COMPANY, and USAA
TEXAS LLOYD'S COMPANY,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss the Complaint (the "Motion") [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part.

## BACKGROUND

Plaintiffs MSP Recovery Claims, Series LLC ("MSPRC") and MSPA Claims 1, LLC ("MSPA Claims 1") (collectively "Plaintiffs") bring this putative class action against Defendants United Services Automobile Association ("USAA"), USAA Casualty Insurance Company ("USAA Casualty"), USAA General Indemnity Company ("USAA General"), Garrison Property and Casualty Company ("Garrison"), USAA County Mutual Insurance Company ("USAA County"), and USAA Texas Lloyd's Company ("USAA Texas") (collectively "Defendants"),

1

seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSP Act").

## I. The MSP ACT

In 1980, in an effort to reduce health care costs to the federal government, Congress enacted the MSP Act. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006). The MSP made "Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Id.* Subparagraph (2)(B) of the MSP Act permits Medicare "to make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly." *Id.* (internal quotation omitted). However, "[s]uch payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service." *Id.*

The MSP Act's conditional payment provision permits the United States to bring an action for double damages against a primary insurer or an entity that received payment from a primary insurer when that primary insurer or entity fails to reimburse Medicare for conditional payments made on behalf of an enrollee. 42 U.S.C. § 1395y(b)(2)(B)(iii). In addition, the MSP Act provides for "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." § 1395y(b)(3)(A).

In 1997, Congress created the Medicare Advantage program, wherein private insurance companies, operating as Medicare Advantage Organizations ("MAOs"), contract with the Centers for Medicare and Medicaid Services to administer Medicare benefits to individuals enrolled in a Medicare Advantage program under Medicare Part C. *See Humana Med. Plan, Inc. v. W. Heritage Ins.*, 832 F.3d 1229, 1234 (2016). Part C designates MAOs, like Medicare, as secondary payers.

42 U.S.C. § 1395w-22(a)(4). "[A]n MAO may avail itself of the MSP private cause of action when a primary plan fails to make primary payment or to reimburse the MAO's secondary payment." *Humana*, 832 F.3d at 1238.

## II.    The Assignments

Plaintiffs and their related entities "are collection agencies that specialize in recovering funds on behalf of various actors in the Medicare Advantage system." *MSP Recovery Claims, Series LLC v. Ace American Ins. Co.*, 974 F.3d 1305, 1308 (11th Cir. 2020). Plaintiffs bring this action on behalf of "numerous assignors" with MSP claims against Defendants." [ECF No. 1 ¶ 47]. Despite this broad language, the only assignors named in the Complaint are AvMed, Inc. ("AvMed") and ConnectiCare, Inc. ("ConnectiCare"). The AvMed Assignment assigns AvMed's MSP claims to Series 17-03-615 ("Series 17"), MSPRC's designated Series under Delaware law.[1] [ECF Nos. 1-13, 1-14]. The ConnectiCare Assignment assigns ConnectiCare's MSP claims to Series 15-09-157 ("Series 15"), another designated Series under Delaware law of MSPRC and MSP Recovery LLC ("MSP Recovery"). Neither the AvMed Assignment nor the ConnectiCare Assignment transfers rights directly to MSPRC or MSPA Claims 1. However, Plaintiffs allege that "MSPRC's limited liability agreements and Delaware law provide that all rights arising from the assignment to its series LLCs, along with the right to bring any lawsuit in connection with said assignment, belong to MSPRC . . ." [ECF No. 1 ¶ 47].

---

[1] "A series entity is similar to a corporation with subsidiaries." *MSP Recovery Claims, Series LLC v. USAA General Indemnity Co.*, No. 18cv21626, 2018 WL 5112998, at * (S.D. Fla. Oct. 19, 2019) (citing *CML V, LLC v. Bax*, 6 A.3d 238, 251 (Del. Ch. 2010)). Delaware law provides that "[S]eries may have separate rights, powers or duties with respect to specified property or obligations of [its affiliated] limited liability company." 6 Del. C. § 18-215.

**III.    The Complaint**

Plaintiffs' Complaint contains two claims: (1) a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) and (2) breach of contract via subrogation pursuant to 42 C.F.R. § 411.24(e). [ECF No. 1]. To establish standing, Plaintiffs provide eleven examples of its assignors' MSP claims (the "Exemplars"). For each Exemplar, Plaintiffs allege that an enrollee in either an AvMed or ConnectiCare Medicare Advantage plan (1) had a primary policy of insurance with either USAA or USAA General; (2) was injured in an accident; (3) AvMed or ConnectiCare made conditional payments; and (4) USAA or USAA General failed to pay and/or reimburse conditional payments made by AvMed or ConnectiCare. In addition to the Exemplars, Plaintiffs allege that a spreadsheet attached to the Complaint as Exhibit A identifies "the greater universe of instances where Defendants have failed to pay and/or reimburse conditional payments made by Plaintiffs' assignors for accident-related expenses." [ECF No. 1, ¶ 46, Ex. A]. The spreadsheet lists enrollees' names, enrollment dates, addresses, and primary insurers (e.g., USAA) but contains no information about accidents, conditional payments by Plaintiffs' assignors, or whether Defendants paid or reimbursed the assignors.

On July 22, 2020, Defendants moved to dismiss Plaintiffs' Complaint, arguing (1) the factual allegations are insufficient; (2) the Complaint improperly joins separate and distinct claims; (3) Plaintiffs failed to satisfy pre-suit demand letter requirements; (4) downstream subcontractors of MAO's lack standing[2]; (5) Plaintiffs fail to properly allege standing; and (6) the class claims are facially deficient. [ECF No. 18].

---

[2] In *MSP Recovery Claims v. Ace American Ins. Co.*, 974 F.3d 1305, 1316 (11th Cir. 2020), the Eleventh Circuit held "that downstream actors that have made conditional payments in an MAO's stead or that have reimbursed an MAO for its conditional payment can bring suit for double damages against the primary payer." As a result, on January 21, 2021, Defendants withdrew their argument that the claims for downstream subcontractors of MAOs must be dismissed. [ECF No. 42].

## ANALYSIS

**I.      The Complaint Fails to Comply with the Federal Rules of Civil Procedure.**

As an initial matter, the Court finds that the Complaint—one that attempts to bundle hundreds of different MSP Act claims against six Defendants into two counts—is a shotgun pleading.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The federal pleading standards thus "require the pleader to present [her] claims discretely and succinctly, so that, [her] adversary can discern what [she] is claiming and . . . the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

"Complaints that violate Rule 8(a)(2) or 10 are often disparagingly referred to as shotgun pleadings." *Id.* (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[ ] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants

without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (internal quotations and citations omitted).

Plaintiffs' Complaint must be dismissed as an impermissible shotgun pleading for several reasons. First, the Complaint is anything but a "short and plain statement" of Plaintiffs' claims. Indeed, the Complaint attempts to raise a "greater universe" of MSP Act claims without providing any detail about those claims beyond the Exemplars. Second, the Complaint lumps together that "greater universe" of MSP Act claims in only two counts—a clear violation of Rule 10's requirement that claims be "limited as far as practicable to a single set of circumstances." Third, Plaintiffs improperly incorporate all of the factual allegations into each count, without properly tying each of those factual allegations to the claims raised, *see Innova Inv. Grp., LLC v. Village of Key Biscayne*, No. 19-CIV-22540, 2020 WL 6781821, at *5 (S.D. Fla. Nov. 18, 2020), and improperly adopts all of Count I's allegations into Count II, *see Weiland*, 792 F.3d at 1321. Finally, the Complaint asserts claims against all of the Defendants without specifying which of the Defendants are responsible for which acts or omissions. Indeed, only USAA and USAA General issued the policies set forth in the Exemplars. Aside from the case caption and opening paragraph of the Complaint, there are no allegations against USAA Casualty, Garrison, USAA County, or USAA Texas. As a result of these pleading deficiencies, the Court is unable to ascertain which facts support which claims and whether Plaintiffs have stated any claims upon which relief can be

granted. Therefore, the Complaint shall be dismissed without prejudice as an impermissible shotgun pleading.[3]

## II. Standing

Defendants also argue that Plaintiffs have no standing to bring the claims set forth in the Complaint. A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Id.* at 1251 (internal quotation omitted). By contrast, a factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered." *Id.* Where the attack is factual, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Defendants' Motion launches a facial attack on Plaintiffs' standing.

Article III of the U.S. Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir.

---

[3] Because the Court finds that the Complaint is a shotgun pleading, it does not address Defendants' additional arguments regarding the sufficiency of the allegations. However, the Court notes that MSPRC appears to sufficiently allege the elements of a private cause of action against USAA and USAA General under 42 U.S.C. § 1395y(b)(3)(A) by way of the Exemplars. Moreover, MSPRC appears to state a claim for breach of contract via subrogation under 42 C.F.R. § 411.24(e). Despite Defendants' arguments to the contrary, at this stage of the litigation, Plaintiffs are not required to "plead its [subrogation] claim (and attach all contracts) with the level of particularity demanded by Defendant[s]." *MSP Recovery v. United Automobile Ins. Co.*, Case No. 20-cv-20887-Altonaga [ECF No. 67] (S.D. Fla. Feb. 4, 2021). In addition, the Court notes that it is not inclined to strike class allegations before a proper motion to certify a class is filed. *See id.* ("Quite simply, the Court will not be striking class allegations as facially defective at this time, before Plaintiff has had the opportunity to engage in discovery, and determine, whether, for example, its class definition should be amended or class certification even be requested.").

2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the parties invoking federal jurisdiction, Plaintiffs bear the burden of demonstrating that they have standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992)). As standing is a threshold determinant, a plaintiff must "clearly ... allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

"[T]he assignee of a claim has standing to assert [an] injury in fact suffered by the assignor." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). "Under the Medicare Secondary Payer Act, an assignee has standing to sue if '(1) its ultimate assignor ... suffered an injury-in-fact, and (2) [the assignor's] claim arising from that injury was validly assigned.'" *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020) (quoting *Tenet*, 918 F.3d at 1318).

The Court finds that Plaintiffs sufficiently allege—via the Exemplars—that AvMed and ConnectiCare suffered an actual injury that is traceable to USAA or USAA General's conduct. *See MSP Recovery Claims, Series LLC v. United Automobile Ins. Co.*, Case No. 20-cv-20887-Altonaga [ECF No. 67] (S.D. Fla. Feb. 4, 2021) (finding plaintiff sufficiently alleged standing via two exemplars which traced injuries to plaintiff's assignors to defendant's conduct). Defendants, however, argue that irrespective of AvMed and ConnectiCare's alleged injuries, Plaintiffs have no

8

standing because AvMed and ConnectiCare assigned their MSP claims to Series 17 and Series 15, and not Plaintiffs. Defendants are only partially correct.

The Complaint alleges that pursuant to MSPRC's limited liability agreement and Delaware law, MSPRC has the right "to pursue or assert any claim or suit capable of being asserted by any designated series arising from, or by virtue of, an assignment to a designated series." [ECF No. 1 ¶ 47]. At this stage on the litigation—a facial challenge to standing on a motion to dismiss—Plaintiffs have adequately alleged that MSPRC has standing. *See Ace Am. Ins. Co.*, 974 F.3d at 1319-20 ("MSPRC may have the same rights as or rights separate from the series LLC's with respect to assignments. . . . At the pleading stage, we accept as true MSPRC's allegation that it has the right to bring claims under the proffered contracts."); *see also MSP Recovery Claims, Series LLC v. OneBeacon Ins. Grp., Ltd.*, No. 6:20-cv-553, (M.D. Fla. Jan. 19, 2021) [ECF No. 45]; *MSP Recovery*, Case No. 20-cv-20887-Altonaga [ECF No. 67]. The Complaint, however, is devoid of any allegations giving MSPA Claims 1 standing. MSPA Claims 1 is not a party to the AvMed or ConnectiCare Assignments, and the Complaint does not allege that MSPA Claims 1 has the right to bring claims under those agreements on behalf of Series 17 or Series 15. Accordingly, the Court finds that Plaintiff MSPA Claims 1 has not adequately alleged its standing.

**CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Complaint [ECF No. 18] is **GRANTED in part.** The Complaint is **DISMISSED** without prejudice. Plaintiffs shall file an Amended Complaint within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of March, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE