UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-21530-GAYLES/OTAZO-REYES

MSP RECOVERY CLAIMS, SERIES LLC,
MSP RECOVERY CLAIMS SERIES 44, LLC,
MSPA CLAIMS 1, LLC, and SERIES PMPI,
a designated series of MAO-MSO
RECOVERY II, LLC,

     Plaintiffs,
v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, and USAA
GENERAL INDEMNITY COMPANY,

     Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Defendants United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company's Motion to Dismiss the Second Amended Complaint (the "Motion") [ECF No. 93]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part.

**BACKGROUND**

Plaintiffs MSP Recovery Claims, Series LLC ("MSPRC"), MSP Recovery Claims Series 44, LLC ("Series 44"), MSPA Claims 1, LLC ("MSPAC") and Series PMPI, a designated series of MAO-MSO Recovery II, LLC ("MAO-MSO") (collectively "Plaintiffs") bring this putative class action against Defendants United Services Automobile Association ("USAA"), USAA Casualty Insurance Company ("USAA Casualty"), and USAA General Indemnity Company ("USAA General") (collectively "Defendants"), seeking reimbursement for conditional payments

1

made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSP Act").

## I. The MSP ACT

In 1980, in an effort to reduce health care costs to the federal government, Congress enacted the MSP Act. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006). The MSP Act made "Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Id.* Subparagraph (2)(B) of the MSP Act permits Medicare to "make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly." *Id.* (internal quotation omitted). However, "[s]uch payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service." *Id.*

The MSP Act's conditional payment provision permits the United States to bring an action for double damages against a primary insurer or an entity that received payment from a primary insurer when that primary insurer or entity fails to reimburse Medicare for conditional payments made on behalf of an enrollee. 42 U.S.C. § 1395y(b)(2)(B)(iii). In addition, the MSP Act provides for "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." § 1395y(b)(3)(A).

In 1997, Congress created the Medicare Advantage program wherein private insurance companies, operating as Medicare Advantage Organizations ("MAOs"), contract with the Centers for Medicare and Medicaid Services to administer Medicare benefits to individuals enrolled in a Medicare Advantage program under Medicare Part C. *See Humana Med. Plan, Inc. v. W. Heritage Ins.*, 832 F.3d 1229, 1234 (2016). Part C designates MAOs as secondary payers, like Medicare.

42 U.S.C. § 1395w-22(a)(4). "[A]n MAO may avail itself of the MSP private cause of action when a primary plan fails to make primary payment or to reimburse the MAO's secondary payment." *Humana*, 832 F.3d at 1238.

## II.     The Assignments

Plaintiffs and their related entities "are collection agencies that specialize in recovering funds on behalf of various actors in the Medicare Advantage system." *MSP Recovery Claims, Series LLC v. Ace American Ins. Co.*, 974 F.3d 1305, 1308 (11th Cir. 2020). Plaintiffs allege that they have standing to bring MSP Claims against Defendants based on assignments from AvMed, Inc. "(AvMed"), ConnectiCare, Inc. ("CONC"), Interamerican Medical Center ("IMC"), Preferred Medical Plan, Inc. ("PMPI"), and Health First Health Plan, Inc. ("HFHP") (collectively the "Assignors"). [ECF No. 88].[1]

## III.    Plaintiffs' Prior Actions Against Defendants

Plaintiffs and their related entities have filed hundreds of actions against insurance companies. Included in those many actions are three actions filed by some of the Plaintiffs in this action against some of the Defendants in this action. On March 13, 2017, MSPAC, MAO-MSO, and MSP Recovery, LLC[2] filed an action against USAA Casualty alleging claims under 42 U.S.C. § 1395y(b)(3)(A) and 42 C.F.R. § 411.24(e). *See MAO-MSO Recovery II, LLC, et al. v. USAA Cas. Ins. Co.*, No. 17-cv-20946-JAL (S.D. Fla.) ("Prior Action 1"). On April 4, 2018, after three

---

[1] As detailed in Appendix 2 to the Second Amended Complaint, IMC assigned its rights under the MSP Act to MSP Recovery, LLC on December 16, 2014. Appendix 2 ¶ 18. On February 20, 2015, MSP Recovery, LLC assigned the IMC rights to MSPAC. *Id.* ¶ 19. AvMed assigned its rights under the MSP Act to Series 17-03-615, a designated series of MSPRC, on June 26, 2019. *Id.* CONC assigned its rights under the MSP Act to MSP Recovery, LLC on March 20, 2018. *Id.* MSP Recovery, LLC then assigned the CONC rights to Series 15-09-157, a designated series of MSPRC on April 4, 2018. *Id.* PMPI assigned its rights under the MSP Act to MSP Recovery, LLC on May 3, 2016. *Id.* MSP Recovery, LLC then assigned the PMPI rights to Series PMPI, a designated series of MAO-MSO on August 8, 2016. *Id.* HFHP assigned its rights under the MSP Act to MSP Recovery, LLC on April 28, 2016. *Id.* MSP Recovery, LLC then assigned the HFHP rights to Series 16-05-456, a designated series of MSPRC on June 12, 2017. *Id.* On October 22, 2020, Series 16-05-456 assigned the HFHP rights to Series 44-20-456, a designated series of Series 44. *Id.*

[2] MSP Recovery, LLC is not a party to the current action.

3

attempts at pleading claims against USAA Casualty, including a second amended complaint which replaced MSP Recovery, LLC with MSPRC, the plaintiffs voluntarily dismissed Prior Action 1. *Id.* On April 5, 2017, MSPAC, MAO-MSO, and MSP Recovery, LLC filed another action against USAA Casualty alleging a claim under 42 U.S.C. § 1395y(b)(3)(A). *See MAO-MSO Recovery II, LLC, et al. v. USAA Cas. Ins. Co.*, No. 17-cv-21289-KMW (S.D. Fla.) ("Prior Action 2"). After multiple attempts to plead their claims, the plaintiffs voluntarily dismissed Prior Action 2. Finally, on August 10, 2017, MSPRC filed an action against USAA in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("Prior Action 3"). USAA removed Prior Action 3 to this Court. *See MSP Recovery Claims, Series LLC v. United Services Auto Ass'n*, No. 18-cv-21626-CMA. On July 2, 2018, MSPRC filed a third amended complaint in Prior Action 3, dropping USAA as a defendant and replacing it with USAA General. *Id.* On October 19, 2018, the Court dismissed Prior Action 3 against USAA General. *Id.*

**IV.     The Current Action**

      A.      The Complaint

On April 9, 2020, MSPRC and MSPAC filed this putative class action against USAA, USAA Casualty, USAA General, Garrison Property and Casualty Company ("Garrison"), USAA County Mutual Insurance Company ("USAA County"), and USAA Texas Lloyd's Company ("USAA Texas") alleging (1) a private cause of action, pursuant to 42 U.S.C. § 1395y(b)(3)(A), and (2) breach of contract via subrogation, pursuant to 42 C.F.R. § 411.24(e). [ECF No. 1]. On March 8, 2021, the Court dismissed the Complaint as a shotgun pleading. [ECF No. 57]. In particular, the Court found that the Complaint (1) attempted to raise a "greater universe" of MSP Act claims without providing any detail about those claims beyond certain exemplars; (2) lumped together that "greater universe" of MSP Act claims in only two counts, in violation of Federal Rule of Civil Procedure 10; (3) improperly incorporated all of the factual allegations into each count

4

without properly tying each of those factual allegations to the claims raised and improperly adopted all of Count I's allegations into Count II; and (4) asserted claims against all of the Defendants without specifying which of the Defendants are responsible for which acts or omissions. *Id.* In addition, the Court found that the Complaint adequately alleged, via exemplars, standing as to MSPRC, but not as to MSPAC because MSPAC was not a party to any of the alleged assignments. *Id.*

B.   The Amended Complaint

On March 29, 2021, MSPRC and MSPAC, now joined by Series 44 and MAO-MSO, filed an Amended Complaint. [ECF No. 61]. In the Amended Complaint, Plaintiffs dropped Garrison, USAA County, and USAA Texas as Defendants and eliminated the claim under 42 C.F.R. § 411.24(e). *Id.* After Defendants moved to dismiss, Plaintiffs sought leave to amend their complaint again. [ECF No. 82]. The Court granted leave to amend but held that Plaintiffs would not be permitted to file any additional amendments to their claims. [ECF No. 85].

C.   The Second Amended Complaint

The Second Amended Complaint ("SAC") contains three counts, each a private cause of action brought pursuant to 42 U.S.C. § 1395y(b)(3)(A) against USAA (Count I), USAA General (Count II), and USAA Casualty (Count III). [ECF No. 88]. To establish standing, Plaintiffs allege nine examples of its assignors' MSP claims (the "Exemplars").[3] For each Exemplar, Plaintiffs allege that (1) an enrollee in either an AvMed, IMC, CONC, or HFHP Medicare Advantage plan had a primary policy of insurance with either USAA, USAA General, or USAA Casualty; (2) the enrollee was injured in an accident; (3) AvMed, IMC, CONC, or HFHP made conditional payments; and (4) USAA, USAA General, or USAA Casualty failed to pay and/or reimburse those

---

[3] When filed, the SAC alleged fourteen Exemplars. Plaintiffs later moved to strike claims relating to Exemplars identified as B.L., J.M., J.S., L.B., and M.B. [ECF No. 119]. The Court granted the motion and, based on the Parties' agreement, held that Plaintiffs shall not seek recovery for these claims in the future. [ECF No. 142].

conditional payments.[4] The chart below sets forth, as alleged in the SAC, the details for the nine exemplars.

| Exemplar | Plaintiff/Assignee | Assignor | Defendant | No-Fault or Settlement | Date of Assignment |
|---|---|---|---|---|---|
| D.C.(1) | MSPRC | AvMed | USAA Casualty | No-Fault | 6/29/2019 |
| G.P. | MSPRC | AvMed | USAA Casualty | No-Fault | 6/29/2019 |
| J.C. | MSPRC | AvMed | USAA Casualty | No-Fault | 6/29/2019 |
| V.S. | MSPRC | AvMed | USAA General | No-Fault | 6/29/2019 |
| C.C. | MSPAC | IMC | USAA Casualty | No-Fault | 2/16/2014 to MSP Recovery, LLC; 2/20/2015 To MSPAC |
| S.M. | MAO-MSO | PMPI | USAA General | No-Fault | 5/3/2016 to MSP Recovery, LLC; 8/8/2016 to Series PMPI |
| H.B. | MSPRC | CONC | USAA | Settlement | 3/20/2018 to MSP Recovery, LLC; 4/4/2018 to MSPRC |
| T.H. | Series 44 | HFHP | USAA | Settlement | 4/28/2016 to MSP Recovery, LLC; 6/12/2017 to Series 16-05-456; 10/22/2020 to a Series 44 |
| D.C.(2) | Series 44 | HFHP | USAA | Settlement | 4/28/2016 to MSP Recovery, LLC; |

---

[4] Plaintiffs also allege that none of the individual Exemplar claims appear on any of the assignments' "carve out" lists. The carve out lists itemize claims retained by the assignors. [ECF No. 88 ¶ 32].

| | | | | 6/12/2017 to Series 16-05-456; 10/22/2020 to Series 44 |
|---|---|---|---|---|

In addition to the Exemplars, Plaintiffs allege that a spreadsheet, attached to the SAC as Exhibit A, identifies "multiple instances in which Plaintiffs' assignors made conditional payments for accident-related medical expenses which should have been made and/or reimbursed by Defendants." [ECF No. 88 ¶ 57, Exhibit A]. The spreadsheet lists enrollees' member IDs and names (redacted), enrollment dates, the contract plan numbers, the reporting primary insurers (e.g., USAA), the types of insurance, and the assignors, but contains no information about specific accidents, conditional payments by Plaintiffs' assignors, or whether Defendants paid or reimbursed the assignors. *Id.* Plaintiffs also allege that another spreadsheet, attached to the SAC as Exhibit B, identifies instances "where Defendants are identified in police crash and incident reports as the insurer contractually obligated . . . to provide primary payment on behalf of Enrollees for unreimbursed conditional payments made by Plaintiffs' assignors in connection with accident-related medical expenses, but failed to report that primary payer responsibility to CMS." *Id.* ¶ 63, Exhibit B.

D.  The Motion to Dismiss

On June 21, 2021, Defendants moved to dismiss the SAC arguing (1) the action is barred by *res judicata*; (2) Plaintiffs fail to allege standing; (3) Plaintiffs fail to state a claim; (4) Plaintiffs failed to comply with Florida Statute § 627.736(10) for the "no fault" claims; and (5) Series 44 has no standing because its alleged assignments post-date the filing of this Action. [ECF No. 93].

## ANALYSIS

I.     ***Res Judicata***

Defendants argue that this action is barred by *res judicata* because Plaintiffs MSPRC, MSPAC, and MAO-MSO previously filed and voluntarily dismissed Prior Action 1 and Prior Action 2 against USAA Casualty and voluntarily dismissed the claims against USAA in Prior Action 3.[5]

"To invoke res judicata—also called claim preclusion—a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPZ ARS, Inc. v. Genworth Life and Annuity Ins. Co.*, 959 F. 3d 1318, 1325 (11th Cir. 2020) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002)). The doctrine "applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* "[R]es judicata is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed.R.Civ.P., [however], it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015).

At this stage of the litigation, the Court cannot determine whether Plaintiffs' claims are barred by *res judicata*. While the Court is aware of Plaintiffs' prior actions, claim preclusion is not apparent from the face of the SAC. Accordingly, the motion to dismiss on this ground is denied

---

5  Defendants argue the doctrine of *res judicata* also applies to Series 44 because Series 44 relies on assignments from MSPRC to have standing in this action and, therefore, is in privity with MSPRC.

without prejudice. Defendants may raise their *res judicata* defense in a motion for summary judgment.

## II. Exhibits

As they have done in several other actions in this and other districts, Plaintiffs rely on Exhibits A & B to establish instances "in which Plaintiffs' assignors made conditional payments for accident-related medical expenses which should have been made and/or reimbursed by Defendants[,]" [ECF No. 88 ¶ 57, Exhibit A], and "where Defendants are identified in police crash and incident reports as the insurer contractually obligated . . . to provide primary payment on behalf of enrollees . . . but failed to report that primary payer responsibility to CMS." *Id*. ¶ 63, Exhibit B. Plaintiffs' attempt to plead claims based on these Exhibits violates the notice requirements of the Federal Rules of Civil Procedure. As aptly detailed in by the Court in another action in this District involving some of the same Plaintiffs:

> Plaintiffs continue to allege claims via confusing and enigmatic Exhibits—coded, unexplained data masquerading as well-pleaded factual allegations. The Court previously cautioned Plaintiffs that such "Exhibit[s] may not serve as a substitute for factual allegations." The Court's critique of Plaintiffs' Exhibits arose in the context of adequately alleging standing; it applies, however, with equal force to stating a claim according to federal pleading standards. Any facts mired within Plaintiffs' Exhibits are insufficient to state claims *or* allege standing; to the extent claims are purportedly within Exhibit A or other table-exhibits, those claims are dismissed.

*MSP Recovery Claims, Series LLC, et al. v. Amerisure Ins. Co.*, No. 17-23961, 2021 WL 1711684, at *4 (S.D. Fla. Apr. 15, 2021) (internal citations omitted). Accordingly, any purported "facts" set forth in Exhibits A & B shall not determine whether Plaintiffs have standing or state a claim.

## III. Standing

Defendants also argue that Plaintiffs have no standing to bring the claims set forth in the SAC. A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the

9

complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1251 (internal quotation omitted). By contrast, a factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *Id.* Where the attack is factual, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Defendants' Motion launches a facial attack on Plaintiffs' standing.

Article III of the U.S. Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the parties invoking federal jurisdiction, Plaintiffs bear the burden of demonstrating that they have standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992)). As standing is a threshold determinant, a plaintiff must "clearly . . . allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

"[T]he assignee of a claim has standing to assert [an] injury in fact suffered by the assignor." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). "Under the Medicare Secondary Payer Act, an assignee has standing to sue if '(1) its ultimate assignor ... suffered an injury-in-fact, and (2) [the assignor's] claim arising from that injury was validly assigned.'" *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020) (quoting *Tenet*, 918 F.3d at 1318).

The Court finds that Plaintiffs sufficiently allege—via the Exemplars—that AvMed, IMC, CONC, and HFHP suffered an actual injury that is traceable to USAA, USAA Casualty, or USAA General's conduct. *See MSP Recovery Claims, Series LLC v. United Automobile Ins. Co.*, No. 20-cv-20887, 2021 WL 720339, at * 2 (S.D. Fla. Feb. 4, 2021) (finding plaintiff sufficiently alleged standing via two exemplars which traced injuries to plaintiff's assignors to defendant's conduct). And Plaintiffs allege that they were assigned the rights to the Exemplar claims by the Assignors.

Plaintiffs' standing, however, is also limited to the Exemplars. "Two interconnected principles apply to this putative class action standing inquiry: (A) each named plaintiff must have standing to sue at least one named defendant; and (B) to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said defendant." *Amerisure*, 2021 WL 1711684, at * 6 (internal quotations and citations omitted). Here, each Exemplar only demonstrates standing by one Plaintiff against one Defendant. Using D.C.(1) as an example, AvMed assigned its claims against USAA for payments made after D.C.(1) sustained injuries in an accident to MSPRC. [ECF No. 88, ¶¶ 72-82]. Therefore, only MSPRC has standing to bring claims against USAA for conditional payments made based on D.C.'s February 22, 2018 accident. And, as set forth above, the Court will not consider Exhibits A or B to demonstrate standing. Accordingly, the

motion to dismiss is denied to the extent Plaintiffs show standing for each Plaintiff via the Exemplars alleged in the SAC.[6]

## IV. Failure to State a Claim

The Court finds that Plaintiffs have adequately stated the elements of a private cause of action under 42 U.S.C. § 1395y(b)(3)(A) with respect to each Exemplar. For each Exemplar, Plaintiffs allege (1) the corresponding Defendant's status as a primary plan, (2) that Defendant's failure to provide for primary payment or appropriate reimbursement, and (3) damages. *See Humana Med. Plan*, 832 F.3d at 1239. However, as with standing, Plaintiffs' claims, and the allegations supporting those claims, are limited to the Exemplars. Plaintiffs cannot rely on Exhibits A & B to expand the scope of their claims.[7]

## V. Pre-Suit Demand Letter

Defendants allege that, to the extent Plaintiffs' claims are based on no-fault policies, those claims must be dismissed because Plaintiffs' assignors did not send a pre-suit demand letter. This argument is premature. Plaintiffs allege in the SAC that "all conditions precedent to the filing of this action have occurred [or] been performed." [ECF No. 88 ¶ 231]. This is sufficient, at this stage of the litigation, to fulfill the pleading requirements for conditions precedent. *See Union Grp. Labs, LLC v. Span Enters., LLC*, No. 6:20-cv-610, 2020 WL 6079177, at *2 (M.D. Fla. Sept. 9, 2020) ("Whether all conditions precedent have actually been satisfied is not a matter that is generally

---

6 Defendants argue that Plaintiffs' failure to attach the actual assignments to the SAC mandates dismissal for lack of standing. The Court disagrees. While the assignments might ultimately show that Plaintiffs do not have standing with respect to each particular Exemplar, at this stage of the litigation, Plaintiffs have adequately alleged the existence of a valid assignment.
7 Defendants also argue that the SAC is a shotgun pleading because Plaintiffs improperly group their claims. The Court disagrees. Plaintiffs have pled separate claims against each Defendant and identify the specific factual allegations relating to each claim.

adjudicated at the motion to dismiss stage, where the Court must take the well pleaded allegations of the complaint as true"). Accordingly, the motion to dismiss is denied as to this ground.[8]

## VI. Series 44 Standing

Defendants argue that Series 44 has no standing to bring its claims because Series 44's assignment occurred after the filing of this action. The Court disagrees. MSPRC, one of the original Plaintiffs in this case, via its designated series 16-05-465, had standing to bring claims relating to Exemplars T.H. and D.C.(2) when this action was filed. Moreover, Series 44 was assigned those claims before it was added to the SAC. Therefore, Series 44 has standing to raise its claims. Accordingly, the motion to dismiss is denied as to this ground.

## CONCLUSION

As detailed above, the SAC survives dismissal, but the version that remains is much narrower than that originally pled. To summarize, any claims based entirely on Exhibits A or B are dismissed, and Plaintiffs may not rely on the data set forth in those Exhibits to establish standing or state a claim. In addition, Plaintiffs' claims are limited to Exemplars D.C.(1), G.P., J.C., V.S., C.C., S.M, H.B., T.H. and D.C.(2).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Second Amended Complaint [ECF No. 93] is **GRANTED in part.**

2. To the extent Plaintiffs allege claims arising from facts alleged in Plaintiffs' Exhibits A and B, those claims are **DISMISSED**.

---

[8] The Court notes that, should discovery reveal that Plaintiffs failed to comply with the pre-suit demand letter requirement of Florida Statute § 627.736(10), any claims based on no-fault auto insurance benefits—specifically Exemplars D.C.(1), G.P., J.C., V.S., C.C., and S.M.—must be dismissed. *See MSP Recovery Claims, Series LLC v. United Automobile Ins. Co.*, No. 20-20877, 2021 WL 2980597, at *3 (S.D. Fla. Jul. 13, 2021) (Entering summary judgment in defendant's favor in an MSP Act lawsuit where "Plaintiff was required to send Defendant a pre-suit demand letter under Florida's no-fault law but admits it did not.").

3. Defendants shall answer the Second Amended Complaint [ECF No. 88] within twenty (20) days of the date of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of May, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE