UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-21530-GAYLES/OTAZO-REYES

MSP RECOVERY CLAIMS, SERIES LLC,
MSP RECOVERY CLAIMS SERIES 44, LLC,
MSPA CLAIMS 1, LLC, and SERIES PMPI,
a designated series of MAO-MSO
RECOVERY II, LLC,

    Plaintiffs,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, and USAA
GENERAL INDEMNITY COMPANY,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion for Summary Judgment (the "Motion") [ECF No. 187, 191-1]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

## BACKGROUND[1]

Plaintiffs MSP Recovery Claims, Series LLC ("MSPRC"), MSP Recovery Claims Series 44, LLC ("Series 44"), MSPA Claims 1, LLC ("MSPA") and Series PMPI, a designated series of MAO-MSO Recovery II, LLC ("Series PMPI") (collectively "Plaintiffs")[2] brought this putative

---

[1] The facts are taken from Defendants' Statement of Material Facts in Support of their Motion for Summary Judgment and exhibits, [ECF Nos. 188, 191-3], Plaintiff's Response to Defendants' Statement of Material Facts in Support of Summary Judgment and exhibits, [ECF No. 203], and the Assignment Agreements filed in connection with Plaintiffs' Motion for Class Certification, [ECF No. 182-5].

[2] In their response to the Motion, Plaintiffs withdrew the C.C., S.M., and T.H. Exemplar Claims. Because the C.C. Exemplar is the only claim alleged by MSPA, and the S.M. Exemplar is the only claim alleged by Series PMPI, MSPA and Series PMPI shall be dismissed as a Plaintiffs.

1

class action against Defendants United Services Automobile Association ("USAA"), USAA Casualty Insurance Company ("USAA Casualty"), and USAA General Indemnity Company ("USAA General") (collectively "Defendants"), seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSP Act").

**I.     The MSP ACT**

In 1980, in an effort to reduce health care costs to the federal government, Congress enacted the MSP Act. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006). The MSP Act made "Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Id.* Subparagraph (2)(B) of the MSP Act permits Medicare to "make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly." *Id.* (internal quotation omitted). However, "[s]uch payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service." *Id*.

The MSP Act's conditional payment provision permits the United States to bring an action for double damages against a primary insurer or an entity that received payment from a primary insurer when that primary insurer or entity fails to reimburse Medicare for conditional payments made on behalf of an enrollee. 42 U.S.C. § 1395y(b)(2)(B)(iii). In addition, the MSP Act provides for "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." § 1395y(b)(3)(A).

In 1997, Congress created the Medicare Advantage program wherein private insurance companies, operating as Medicare Advantage Organizations ("MAOs"), contract with the Centers

for Medicare and Medicaid Services to administer Medicare benefits to individuals enrolled in a Medicare Advantage program under Medicare Part C. *See Humana Med. Plan, Inc. v. W. Heritage Ins.*, 832 F.3d 1229, 1234 (2016). Part C designates MAOs as secondary payers, like Medicare. 42 U.S.C. § 1395w-22(a)(4). "[A]n MAO may avail itself of the MSP private cause of action when a primary plan fails to make primary payment or to reimburse the MAO's secondary payment." *Humana*, 832 F.3d at 1238.

Plaintiffs and their related entities "are collection agencies that specialize in recovering funds on behalf of various actors in the Medicare Advantage system." *MSP Recovery Claims, Series LLC v. Ace American Ins. Co.*, 974 F.3d 1305, 1308 (11th Cir. 2020). Plaintiffs have assignments of claims under the MSP Act from MAOs AvMed, Inc. "(AvMed"), ConnectiCare, Inc. ("ConnectiCare"), and Health First Health Plan, Inc. ("HFHP") (collectively the "Assignors").

## II.  This Action

Plaintiffs base this action on six exemplar claims: D.C.1, G.P., J.C., V.S., H.B., and D.C.2 (the "Exemplars"). As detailed in the chart below, Plaintiffs argue that they have standing to pursue their claims based on the assignments from AvMed, ConnectiCare, and HFHP (the "Assignments").

| Exemplar | Plaintiff/Assignee | Assignor | Defendant |
|---|---|---|---|
| D.C.1 | MSPRC | AvMed | USAA Casualty |
| G.P. | MSPRC | AvMed | USAA Casualty |
| J.C. | MSPRC | AvMed | USAA Casualty |
| V.S. | MSPRC | AvMed | USAA General |
| H.B. | MSPRC | ConnectiCare | USAA |
| D.C.2 | Series 44 | HFHP | USAA |

3

A.     The Assignments

*AvMed*

AvMed assigned its rights to certain claims under the MSP Act to Series 17-03-615, a designated series of MSPRC, on June 26, 2019.[3] [ECF No. 182-5 at 49-61]. The AvMed Assignment conveys "all Claims existing on the date, hereof, whether based in contract, tort or statutory right. . . ." *Id.* at 50. Schedule A of the AvMed Assignment excludes categories of claims not relevant here. *Id.* at 62. However, it does not list specific claims to be pursued or excluded. *Id.*; [ECF No. 191-3 ¶¶ 46, 48].

Plaintiffs contend that the D.C.1, G.P., J.C., and V.S. Exemplars are encompassed by the AvMed Assignment. Defendants argue that there is no evidence establishing that these specific exemplars are part of the Assignment. [ECF No. 191-3 ¶ 54]. However, AvMed's corporate representatives, Migdalia Knopf-Cruz and Migdalia Perez, testified that AvMed transferred all of the data in its system for the given time period and confirmed that Plaintiffs' records of the Exemplars accurately reflect the data in AvMed's system. [ECF No. 203 ¶ 53].

*ConnectiCare*

ConnectiCare assigned its rights to certain claims under the MSP Act to Series 15-09-157, a designated series of MSPRC, and to non-party MSP Recovery, LLC on March 20, 2018. [ECF No. 182-5 at 2-13]. The ConnectiCare Assignment conveys "all of [ConnectiCare's] right, title, interest in and ownership of Medicare Recovery Claims—excluding . . . Medicare Recovery Claims that, as of the Effective Date, have been assigned to and/or are being pursued by other

---

[3] In the Motion, Defendants argue that Plaintiffs produced no proof that Series 17-03-615 is actually a designated series of MSPRC. [ECF NO. 191-3 ¶¶ 57-58]. In response, Plaintiffs attached a newly disclosed document evidencing that Series 17-03-615 is a designated series of MSPRC. [ECF No. 203 ¶¶ 57-58, Ex. Q]. Defendants argue that, due to its untimely production, the Court should not consider the document. However, because the document implicates standing, the Court will consider it. *See Wein v. St. Lucie County, Florida*, 461 F. Supp. 2d 1261, 1262 (S.D. Fla. 2006) ("[I]t is well established that issues concerning subject matter jurisdiction can be raised at any time.").

4

recovery vendors, including, but not limited to, The Rawlings Group. . . ." *Id.* at 2. The ConnectiCare Assignment does not list specific claims to be pursued or excluded. [ECF No. 191-3 ¶¶ 46, 48]. In addition, the ConnectiCare Assignment requires that "Purchaser [Series 15-09-157] . . . pursue the recovery and reimbursement of the [assigned claims] *in its own name.*" [ECF No. 182-5 at 7].

Plaintiffs contend that the H.B. Exemplar is encompassed by the ConnectiCare Assignment. Defendants argue that there is no evidence establishing that the H.B. Exemplar is part of the Assignment and was not being pursued by other vendors. *Id.* ¶ 50. ConnectiCare's corporate representative, Ana Campos, testified that there were no recoupments for the H.B. Exemplar. [ECF No. 225-7 at 52:1-2]. Carlos Manalansan, also ConnectiCare's corporate representative, testified that the H.B. Exemplar was "an actual claim in [ConnectiCare's] system" and that he believed that Rawlings Group—the only recovery vendor used by ConnectiCare—had never pursued it. [ECF Nos. 203 ¶ 50; 225-21 at 17:6-19:7].

*HFHP*

Series 44 pursues the D.C.2 Exemplar based on an assignment from HFHP. [ECF No. 182-5 at 76-78].[4] While the HFHP Assignment broadly conveys "right, title, interest in and ownership" of claims under the MSP Act, it excludes "any existing subrogation cases that have been commenced by [HFHP] or cases where [HFHP's] Members have already filed lawsuits against a primary payer." *Id.* at 76. Like the AvMed and ConnectiCare Assignments, the HFHP Assignment does not list specific claims to be pursued or excluded. [ECF No. 191-3 ¶¶ 46, 48].

Plaintiffs contend that the D.C.2 Exemplar is encompassed by the HFHP Assignment. Defendants argue that there is no evidence in the record establishing that the D.C.2 Exemplar was

---

[4] Through a series of agreements, HFHP assigned its rights to recover claims under the MSP Act to Series 44. *See* [ECF No. 182-5 at 78].

conveyed by HFHP and not subject to exclusion. However, in her declaration, Nicole Davanzo, Director of Payment Integrity and Claims Operations for HFHP, states that, upon review of HFHP's records, the D.C.2 Exemplar was not subject to subrogation efforts or pursued by other recovery vendors. [ECF Nos. 203 ¶ 52, 225-5 ¶ 7-8].

### B. The Exemplars

Each Exemplar follows a similar pattern. An enrollee in either an AvMed, ConnectiCare, or HFHP Medicare Advantage plan was injured in an accident. Although Defendants USAA, USAA General, or USAA Casualty were primary insurers, AvMed, ConnectiCare, or HFHP made conditional payments. USAA, USAA General, or USAA Casualty failed to pay and/or reimburse those conditional payments. While many of the details for each Exemplar are disputed by the parties, including those relating to bills, payments, injuries, and treatments, the following facts are undisputed and material to the Court's legal findings:

*D.C.1, G.P., J.C., and V.S. Exemplars (Conditions Precedent)*

The D.C.1, G.P., J.C., and V.S. Exemplars each seek payment based on Florida no-fault insurance coverage. [ECF No. 191-3 ¶ 2]. For each of these claims, it is undisputed that neither Plaintiffs nor the Assignors sent Defendants a notice of intent to litigate—a statutory condition precedent set forth in Florida Statute § 627.736(10)—before filing this lawsuit. *Id.* ¶ 3.

*D.C.2 Exemplar (Timing)*

When Plaintiffs filed this action on April 9, 2020, the Complaint did not include the D.C.2 Exemplar and did not reference the HFHP Assignment. [ECF No. 1-1]. Plaintiffs filed the Amended Complaint on March 29, 2021, referencing, for the first time, the D.C.2 Exemplar and the HFHP Assignment. [ECF No. 61]. The last payment by an Assignor for D.C.2 was on July 24, 2016, more than four years before the filing of the Amended Complaint. [ECF No. 191-3 ¶ 6].

*H.B. Exemplar (Wrong Defendant)*

In the Second Amended Complaint, Plaintiff MSPRC alleges that H.B.'s accident-related medical expenses were covered by a liability policy issued by Defendant USAA. [ECF No. 88 ¶¶ 146, 155]. However, the H.B. Exemplar does not involve an insured whose policy was underwritten by USAA. [ECF No. 191-3 ¶¶ 9]. Rather, USAA Casualty was the underwriter for the H.B. Exemplar Claim. [ECF No. 191-8].

In their Answer to the Second Amended Complaint, Defendants denied that USAA insured H.B., [ECF No. 165 ¶ 146], and provided Plaintiffs with the identity of the correct insurer—USAA Casualty—in their response to Plaintiffs' interrogatories. [ECF No. 191-8]. Plaintiffs contend that the Second Amended Complaint's reference to USAA as the primary insurer for H.B., rather than USAA Casualty, is a typographical error and that USAA Casualty has litigated the H.B. Exemplar by consent. [ECF No. 202]. Plaintiffs have not sought leave to amend to reflect the proper defendant.

### C.     Motion for Summary Judgment

Defendants now move for summary judgment arguing (1) four Exemplars fail for lack of compliance with conditions precedent to sue for no-fault benefits; (2) one Exemplar is time-barred; (3) one Exemplar fails because Plaintiffs sued a Defendant that did not insure the accidents; (4) five claims are barred by res judicata; (5) Plaintiffs lack evidence to establish the elements of all claims; (6) Plaintiffs lack assignment-based standing for all claims; and (7) partial summary judgment is warranted on Plaintiffs' theory of damages. [ECF No. 191-1].[5]

### **STANDARD**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled

---

[5] Defendants raised additional arguments that were moot after Plaintiffs withdrew the S.M., C.C., and T.H. Exemplars.

to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## **ANALYSIS**

### I.   **Standing**

Defendants contend that Plaintiffs fail to establish standing via assignment for the six Exemplars. In particular, Defendants argue that (1) Plaintiffs lack proof that the Exemplars were conveyed and not excluded by the Assignments; (2) Plaintiffs lack proof that MSPRC can pursue the AvMed Exemplars; and (3) MSPRC is prohibit from suing for the H.B. Exemplar.

Because standing is jurisdictional, the Court addresses this issue first. *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)

("Standing . . . is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.") (internal quotation omitted). To establish standing, a plaintiff must show that it "(1) suffered an injury-in-fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by a favorable judicial decision." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019). "[T]he assignee of a claim has standing to assert [an] injury in fact suffered by the assignor." *Id.* (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). "Under the Medicare Secondary Payer Act, an assignee has standing to sue if '(1) its ultimate assignor . . . suffered an injury-in-fact, and (2) [the assignor's] claim arising from that injury was validly assigned.'" *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020) (quoting *Tenet*, 918 F.3d at 1318).

As the parties invoking federal jurisdiction, Plaintiffs bear the burden of demonstrating that they have standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). At the summary judgment stage, "the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts" showing that it has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations omitted). "And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial." *Id.*

### *Proof that Exemplars Were Conveyed*

The Court finds that genuine issues of material fact preclude summary judgment on the issue of whether the Exemplars were conveyed by the Assignments. While not voluminous, Plaintiffs did present evidence—which must be "taken to be true"—establishing that the Assignments encompassed the Exemplars. *Lujan*, 504 U.S. at 561. AvMed's corporate representatives, Knopf-Cruz and Migdalia Perez, testified that AvMed transferred all of the data in its system for the given time period and confirmed that Plaintiffs' records of the Exemplars accurately reflect the data in AvMed's system. [ECF No. 203 ¶ 53]. ConnectiCare's corporate

9

representative, Ana Campos, testified that there were no recoupments for the H.B. Claim, [ECF No. 225-7 at 52:1-2], and Carlos Manalansan, also ConnectiCare's corporate representative, testified that the H.B. Exemplar was "an actual claim in [ConnectiCare's] system" and that he believed that Rawlings Group—the only recovery vendor used by ConnectiCare—had never pursued the H.B. claim. [ECF Nos. 203 ¶ 50; 225-21 17:6-19:7]. Finally, in her declaration, Nicole Davanzo, Director of Payment Integrity and Claims Operations for HFHP, states that, upon review of HFHP's records, that the D.C.2 Exemplar was not subject to subrogation efforts or pursued by other recovery vendors. [ECF Nos. 203 ¶ 52, 225-5 ¶ 7-8]. The Court finds that the representations by the AvMed, ConnectiCare, and HFHP Corporate Representatives are enough to create a disputed issue of material fact as to whether the Assignments conveyed the Exemplars. *See MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp.*, No. 18-cv-11702, 2023 WL 2633907, at * 11 (D. Mass. Mar. 24, 2023) (finding genuine issues of material fact as to assignment-based standing where plaintiff produced an affidavit from the assignor's corporate representative attesting to the fact that the exemplar claim was excluded). Therefore, summary judgment on this ground is denied.

*Proof that MSPRC can pursue the AvMed Exemplar Claims*

Defendants also argue that Plaintiffs provide no proof that MSPRC can sue under the AvMed Assignment. Plaintiffs, however, produced evidence, albeit untimely, that Series 17-03-615 is a designated series of MSPRC. [ECF No. 203 ¶¶ 57-58, Ex. Q]. Therefore, summary judgment on this ground is denied.

*No Standing for the H.B. Exemplar.*

The ConnectiCare Assignment requires that "Purchaser [Series 15-09-157] . . . pursue the recovery and reimbursement of the [assigned claims] *in its own name.*" [ECF No. 182-5 at 149]. Here, MSPRC brought the H.B. Exemplar claim against USAA. Series 15-09-157 is not a party to

this litigation. Under Delaware law, under which MSPRC is incorporated, MSPRC "may have the same rights" as its affiliated series LLCs with respect to assignments. *See ACE American Ins. Co.*, 974 F. 3d at 1319 (accepting as true, at the motion to dismiss stage, that MSPRC had standing to bring claims under different assignment agreements). However, the specific language of the ConnectiCare Assignment requires that 15-09-157 bring the claims in its own name. As a result, the Court finds that MSPRC has not established that it has standing under the Assignment to assert claims based on the H.B. Exemplar. *See MSP Recovery Claims, Series LLC v. Hartford Fin. Servs. Grp., Inc.*, No. 3:20-CV-305, 2022 WL 3585782, at *7 (D. Conn. Aug 22, 2022) (holding that under the ConnectiCare assignment, MSPRC had no standing to bring claim because claims had to be brought in the name of MSP Recovery, LLC and Series 15-08-157). Accordingly, summary judgment is granted in favor of Defendants as to the H.B. Exemplar Claim.[6]

**II.     Pre-Suit Requirements**

Florida Statute § 627.736(10) requires, as a condition precedent to the filing of any action for no fault insurance benefits, that a written notice of intent to litigate be provided to the insurer. Fla. Stat. § 627.736(10). The Eleventh Circuit has held that "[t]he Medicare Secondary Payer Act does not expressly preempt section 627.736(10)(a)." *MSP Recovery Claims, Series LLC v. United Automobile Insurance Co.*, 60 F.4th 1314, 1322 (11th Cir. 2023) (affirming summary judgment in favor of insurers where plaintiffs failed to comply with the pre-suit notice requirements). It is undisputed that neither Plaintiffs nor the Assignors sent Defendants a notice of intent to litigate, pursuant to Florida Statute § 627.736(10), before filing this lawsuit. As a result, Plaintiffs may not pursue claims for Exemplars D.C.1, G.P., J.C., or V.S., and summary judgment shall be entered in Defendants' favor on this issue.

---

[6] The Court notes that, even if MSPRC had standing to bring the H.B. Exemplar, that claim would likely fail because MSPRC sued USAA—the wrong defendant. USAA Casualty was the underwriter for the H.B. Exemplar.

### III. Statute of Limitations

Defendants argue that Plaintiffs' claim for the D.C.2 Exemplar is time-barred. In *MSPA Claims 1, LLC v. Tower Hill Prime Ins.*, the Eleventh Circuit held that the four-year statute of limitations period set forth at 28 U.S.C. § 1658(a) applied to the MSP Act's private cause of action provision. 43 F.4th 1259, 1263 (11th Cir. 2022). Section 1658 mandates "that a claim be brought no 'later than 4 years after the cause of action *accrues*.'" *Id.* at 1265 (quoting 28 U.S.C. § 1658(a) (emphasis added). For claims brought under the Act, the statute of limitations begins "on the date that the violation of the plaintiff's legal right occurred." *Id.* As applicable here, Series 44's cause of action accrued "when [Series 44's] assignor . . . paid [D.C.2's] medical bills and became entitled to reimbursement through the Medicare Secondary Payer Act." *Id.* at 1267. The last payment by an Assignor for D.C.2 was on July 24, 2016. [ECF No. 191-3 ¶ 6].

Plaintiffs first asserted a claim for the D.C.2 Exemplar (and the HFHP Assignment) on March 29, 2021, when they filed the Amended Complaint. Because more than four years elapsed from the date the cause of action accrued, the claim is time-barred.[7]

### **CONCLUSION**

Based on the foregoing,[8] it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [ECF Nos. 187, 191-1] is **GRANTED.**

2. Plaintiffs MSPA and Series PMPI are dismissed.

3. The Court will enter a separate judgment.

---

[7] Plaintiffs argue that the D.C.2 Exemplar should relate back to the April 9, 2020 Complaint. Not so. The D.C.2 Exemplar does not arise from the same conduct, transaction, or occurrence as any other claim. Therefore, the relation back doctrine of Federal Rule of Civil Procedure 15(C) does not apply. *See MAO-MSO Recovery II, LLC v. Farmers Ins. Exchange*, 2022 WL 1690150, at *10 (C.D. Cal. May 25, 2022). Moreover, Plaintiffs' argument that the D.C.2 Exemplar appeared in the initial Complaint is without merit. While the D.C.2 data might have been included in Exhibit A to the initial Complaint, Plaintiffs did not reference D.C.2 and did not even reference the HFHP Assignment.

[8] Because the Court is granting the Motion on standing, failure to satisfy conditions precedent, and statute of limitations grounds, it does not address Defendants' remaining arguments.

4. This case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE